| | |
|---|---|
| AUTOMATED LOGIC CONTRACTING SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPRIG ELECTRIC CO., <br><br> Defendant. | Case No. 5:17-cv-05910-EJD <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR STAY** <br><br> Re: Dkt. No. 13 |

This is one of two actions between a first-tier construction subcontractor and its second-tier electrical subcontractor. In this case, Plaintiff Automated Logic Contracting Services, Inc. ("ALCS"), the first-tier subcontractor, alleges that Defendant Sprig Electric Co. ("Sprig"), the second-tier subcontractor, breached the parties' agreement concerning electrical work for the construction of the Apple Campus 2 in Cupertino. In the other case,[1] the parties are in reversed positions but the central claim is the same. Originally filed in different courts, both cases are now pending in the same district court and are assigned to the same judge.

Presently before the court is Sprig's Motion to Dismiss or Stay this action in favor of its own. Dkt. No. 13. ALCS opposes. This motion is suitable for decision without oral argument, and the hearing scheduled for March 8, 2018, will be vacated. Since the causes of action asserted in this case are compulsory counterclaims to the ones asserted in the Sprig Action, the request for a stay will be granted for the reasons explained below.

**I. BACKGROUND**

**A. The Sprig Action**

Sprig initiated an action against ALCS in Santa Clara County Superior Court on October

---

[1] The other case is Sprig Electric Co. v. Automated Logic Contracting Services, Inc., No. 5:17-cv-06135-EJD, and is deemed the "Sprig Action." This case will be referred to as the "ALCS Action."

Case No.: 5:17-cv-05910-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR STAY
1

16, 2017, for breach of contract, breach of the duty of good faith and fair dealing, monies due, quantum meruit, account stated, and action on payment bond. ALCS removed the case to this court on October 26, 2017, and filed an Answer on November 28, 2017.

In its Complaint, Sprig alleges it entered into a $16 million Subcontract Agreement with ALCS in connection with the construction of the Apple Campus 2. Sprig agreed to provide all labor, material, equipment and supervision required to furnish and install a building automation system, or BAS. In return, ALCS agreed to pay Sprig for materials and labor, and would pay Sprig for any additional quantities of work otherwise necessary to complete the BAS. Sprig alleges the Subcontract Agreement included specific change order provisions to account for any different or additional work.

Sprig contends the amount of the Subcontract Agreement was increased by multiple changes, extra work, and delays for which change orders were not issued. Sprig also contends it incurred additional costs and expenses as a result, but that ALCS has failed to pay the full amount owed. Altogether, Sprig claims damages of $17,617,709.53.

### B. The ALCS Action

This case also relates to the construction of the Apple Campus 2, and ALCS' Subcontract Agreement with Sprig. ALCS asserts causes of action for breach of contract, express contractual indemnity, and negligence.

In the Complaint - also filed on October 16, 2017, but approximately forty minutes later - ALCS alleges that since 2014, Sprig "has struggled to complete its work in a timely manner or in accordance with the terms of the Subcontract." ALCS states that "Sprig claims it performed extra work that was not included in the Subcontract for which it sought additional compensation from ALCS in the form of change orders," but that Sprig failed to provide timely notice of changes and failed to timely provide sufficient cost estimates. ALCS alleges that Sprig eventually threatened to stop work unless ALCS met "unreasonable and unrealistic terms and conditions." Sprig eventually walked off the project, and ALCS hired replacement subcontractors to finish the work.

Case No.: 5:17-cv-05910-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR STAY
2

## II. DISCUSSION

Sprig moves to dismiss or stay the ALCS action in favor of its own. In support, Sprig argues the ALCS action is subject to the first-to-file rule, or the rule against compulsory counterclaims brought in a separate action. Each of these rules is addressed in turn. One of them applies.

### A. The First-to-File Rule Does Not Apply

The court quickly dispenses with Sprig's request for relief under the first-to-file rule. That doctrine, based in the notion of comity between different courts of concurrent jurisdiction, "permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982). Its purpose is to "maximize 'economy, consistency, and comity.'" Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc., 787 F.3d 1237, 1240 (9th Cir. 2015) (quoting Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 604 (5th Cir. 1999)). When, as here, the two actions are before the same judge, neither comity nor efficiency need to be separately promoted. Since one judge controls both cases, the litigation can be arranged in the manner most advantageous to the parties and the court. As such, the first-to-file rule does not befit these circumstances, even if the Sprig Action was filed before the ALCS Action.

### B. The ALCS Action Asserts Compulsory Counterclaims

Federal Rule of Civil Procedure 13(a) provides that "[a] pleading must state as a counterclaim any claim that - at the time of its service - the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Much like the first-to-file rule, "[t]he purpose of requiring a defendant to assert his claim as a counterclaim in a pending action is 'to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters.'" Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League, 652 F.2d 852, 854 (9th Cir. 1981) (quoting S. Constr. Co. v. Pickard, 371 U.S. 57, 60 (1962)). "The Rule bars a party who failed to assert a

compulsory counterclaim in one action from instituting a second action in which that counterclaim is the basis of the complaint." Id. "[W]here a party has failed to plead a compulsory counterclaim, the claim is waived and the party is precluded by principles of res judicata from raising it again." Mitchell v. CB Richard Ellis Long Term Disability Plan, 611 F.3d 1192, 1201 (9th Cir. 2010).

The Ninth Circuit applies the "logical relationship" test to classify a cause of action as a compulsory counterclaim. Mattel, Inc v. MGA Entm't, Inc., 705 F.3d 1108, 1110 (9th Cir. 2013). "A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." Id. (quoting In re Pegasus Gold Corp., 394 F.3d 1189, 1196 (9th Cir. 2005)). Importantly, "[w]hat matters is not the legal theory but the *facts*." Id. (emphasis in original).

Here, there is plainly a "logical relationship" between the causes of action in the Sprig Action and those in the ALCS Action. All of them arise from the same "aggregate set of operative facts;" that is, both involve the Apple Campus 2 construction project and the parties' rights and obligations with respect to the Subcontract Agreement for the installation of a BAS. In fact, the parties' claims against each other are merely two versions of the same events. Whereas Sprig alleges ALCS breached the agreement by not paying for extra work, ALCS accuses Sprig of breach by failing to complete the work in the manner contemplated by the agreement. The court easily finds, therefore, that the ALCS Action is comprised of compulsory counterclaims. Indeed, ALCS does not vigorously argue otherwise.

That determination, however, does not mean the court must exercise its discretion to find that ALCS waived its causes of action by not asserting them in response to Sprig's Complaint. See Monotype Corp. PLC v. Int'l Typeface Corp., 43 F.3d 443, 454 (9th Cir. 1994) (observing that decisions under Rule 13(a) are reviewed for abuse of discretion). The Sprig and ALCS Actions were filed on the same day, not even an hour apart, and the ALCS Action was already on

Case No.: 5:17-cv-05910-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR STAY
4

file by the time it was served with the Sprig Action. These are distinguishable circumstances from others that justify a strict enforcement of the compulsory counterclaim rule. There is no evidence ALCS intended to increase litigation costs by knowingly initiating a new case composed of compulsory counterclaims. Instead, the issue was just one of timing, and either party could have been in the position to oppose a motion like this one depending on whose Complaint ended up with the earlier filing time. It would be inequitable for ALCS to lose any viable claims it may have against Sprig solely because of a file stamp.

In light of this discussion, the court finds it appropriate to stay rather than dismiss the ALCS Action during the pendency of the Sprig Action, and permit ALCS leave to amend its Answer in this case to assert its causes of action as compulsory counterclaims. If, as the court suspects, a final resolution of the Sprig Action also resolves the ones raised in the ALCS Action, a dismissal of the ALCS Action can be entered at the appropriate time.

### III. ORDER

Sprig's Motion to Dismiss or Stay the ALCS Action (Dkt. No. 13) is GRANTED. This case is STAYED pending resolution of the Sprig Action, and the Clerk shall administratively close the file. A copy of this order will also be filed in Case No. 5:17-cv-06135-EJD.

ALCS is granted leave to amend its Answer to assert the causes of action asserted in this Complaint as counterclaims in the Sprig Action, and shall do so within 10 days of the date this order is filed. ALCS is advised the scope of leave to amend permitted by this order is limited and does not include any claims outside of those already asserted against Sprig.

The hearing scheduled for March 8, 2017, is VACATED.

**IT IS SO ORDERED.**

Dated: February 20, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-05910-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR STAY
5